Joseph P. DePaola (JD 0023)
**DEPAOLA VALDES, LLP**
370 Lexington Avenue, Ste. 1100
New York, New York 10017
Tel: (212) 203-8855
Email: joe@dvlawllp.com

*Attorneys for Plaintiff*
*Jose Aybar-Alcantara*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Case No.:

JOSE AYBAR-ALCANTARA,                              **COMPLAINT**

                   Plaintiff,                         **JURY TRIAL DEMANDED**

-against-                                                      **ECF CASE**

LIMING FAN, DANIEL GILLES LEBLANC and
DITECH PAINT CO.,

                   Defendants.

------------------------------------------------------------------X

Plaintiff JOSE AYBAR-ALCANTARA, by his attorneys, DePaola Valdes, LLP, complaining of the defendants, respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(2) as the matter in controversy exceeds $75,000.00 exclusive of interest and costs and is between citizens of different states.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim took place in this district.

**JURY DEMAND**

3. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

4. Plaintiff JOSE AYBAR-ALCANTARA has been at all relevant times domiciled in the Town of S. Bound Brook, County of Somerset, and State of New Jersey and a citizen of the State of New Jersey.

5. Defendant LIMING FAN, upon information and belief, is a natural person and has been at all relevant times domiciled in the City of Warwick, County of Kent, and State of Rhode Island and a citizen of the State of Rhode Island.

6. Defendant DANIEL GILLES LEBLANC, upon information and belief, is a natural person and has been at all relevant times domiciled in the of the Village of Memramcook, Province of New Brunswick, and Country of Canada and a citizen of the Country of Canada.

7. Defendant DITECH PAINT CO. has been at all relevant times a corporation duly organized and existing under and by virtue of the laws of Canada with its principal place of business in Dieppe, New Brunswick and a citizen of the County of Canada.

8. Defendant DITECH PAINT CO. is and at all relevant times has been transacting business within the jurisdiction of the U.S. District Court for the Southern District of New York including, providing delivery and services, and otherwise to residents, all for profit.

9. At all times hereinafter mentioned, Defendant DANIEL GILLES LEBLANC should have reasonably expected that its actions to have consequences in the U.S. District Court for the Southern District of New York.

10. At all times hereinafter mentioned, Defendant DANIEL GILLES LEBLANC, committed a tortious act within the State of New York, causing injury to Plaintiff within the U.S. District Court for the Southern District of New York.

11. At all times hereinafter mentioned, Defendant DITECH PAINT CO. is and at all relevant times has been transacting business within the jurisdiction of the U.S. District should have reasonably expected that its actions to have consequences in the U.S. District Court for the Southern District of New York.

12. At all times hereinafter mentioned, Defendant DITECH PAINT CO. is and at all relevant times has been transacting business within the jurisdiction of the U.S. District, its agents, servants, and/or employees, committed a tortious act within the State of New York, causing injury to Plaintiff within the U.S. District Court for the Southern District of New York.

## BACKGROUND FACTS

13. That on February 10, 2019, the Defendant, DITECH PAINT CO. was the registered owner of a certain 2019 Ford Pick-up truck bearing New Brunswick license plate number LCC599 for the year 2019 (hereinafter "the DITECH vehicle").

14. That on February 10, 2019, the Defendant, DANIEL GILLES LEBLANC was the registered owner of the DITECH vehicle.

15. That on February 10, 2019, the Defendant, DANIEL GILLES LEBLANC was an employee, servant, and/or agent of the Defendant DITECH PAINT CO.

16. That on February 10, 2019, the Defendant, DANIEL GILLES LEBLANC operated the DITECH vehicle.

17. That on February 10, 2019, the Defendant, DANIEL GILLES LEBLANC operated the DITECH vehicle with the permission and consent, expressed and/or implied, of Defendant DITECH PAINT CO.

18. That on February 10, 2019, defendant DITECH PAINT CO. managed the DITECH vehicle.

19. That on February 10, 2019, defendant DITECH PAINT CO. maintained the DITECH vehicle.

20. That on February 10, 2019, defendant DITECH PAINT CO. controlled the DITECH vehicle.

21. That on February 10, 2019, defendant DANIEL GILLES LEBLANC managed the DITECH vehicle.

22. That on February 10, 2019, defendant DANIEL GILLES LEBLANC maintained the DITECH vehicle.

23. That on or before February 10, 2019, defendant LIMING FAN rented a certain 2018 Toyota motor vehicle bearing Rhode Island license plate number XE591 for the year 2019 (hereinafter "the FAN vehicle").

24. That on or before February 10, 2019, defendant LIMING FAN rented the FAN vehicle from Hertz Rental Car Services.

25. That on February 10, 2019, the Defendant, LIMING FAN operated the FAN vehicle.

26. That on February 10, 2019, the Defendant, LIMING FAN operated the FAN vehicle with the permission and consent, expressed and/or implied, of Hertz Rental Car Services.

27. At all times herein mentioned, Interstate 87 by exit 15a, in the Village of Hillburn, County of Rockland, and State of New York, was and still is a public thoroughfare (hereinafter referred to as "the accident site").

28. That on February 10, 2019 at approximately 6:45 p.m., Plaintiff JOSE AYBAR-ALCANTARA was a passenger in a certain 2016 Mitsubishi motor vehicle bearing New Jersey license plate number C71HUZ for the year 2019 (hereinafter referred to as "plaintiff's vehicle") that was operated by non-party SANDRA GIRALDO (hereinafter referred to as the "Plaintiff vehicle").

29. That on February 10, 2019 at approximately 6:45 p.m., defendant DANIEL GILLES LEBLANC was operating the DITECH vehicle at the accident site.

30. That on February 10, 2019 at approximately 6:45 p.m., defendant LIMING FAN was operating the FAN vehicle at the accident site.

## As and for a First Cause of Action
### (Negligence)

31. That Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs numbered "1" to "30" with the same force and effect as though the same were set forth in full detail herein.

32. Defendants had a duty to use due, reasonable, and ordinary care in operating defendants' vehicles at the accident site.

33. Defendants breached their duty of due, reasonable, and ordinary care to plaintiff in the following respects:

    a. That on February 10, 2019 at approximately 6:45 p.m., defendant LIMING FAN made an unsafe lane change causing a chain reaction collision at the accident site.

b. That on February 10, 2019 at approximately 6:45 p.m., defendant DANIEL GILLES LEBLANC made an unsafe lane change causing a chain reaction collision at the accident site.

c. That on February 10, 2019 at approximately 6:45 p.m., the FAN vehicle and the DITECH vehicle collided with each other.

d. That on February 10, 2019 at approximately 6:45 p.m., as a result of the FAN vehicle and the DITECH vehicle colliding with each other, the FAN vehicle struck Plaintiff's vehicle.

e. That on February 10, 2019 at approximately 6:45 p.m., as a result of the FAN vehicle and the DITECH vehicle colliding with each other, the DITECH vehicle struck the Plaintiff's vehicle.

34. That as a result of the foregoing, Plaintiff JOSE AYBAR-ALCANTARA sustained severe and permanent personal injuries.

35. That the aforesaid occurrence was caused solely and wholly by the negligence, carelessness and recklessness of defendants in the ownership, operation, management, maintenance and control of defendant's tractor and trailer.

36. That the aforesaid occurrence and resulting injuries therefrom were caused as the result of the negligence of the defendants without any negligence on the part of Plaintiff contributing thereto.

37. That Plaintiff JOSE AYBAR-ALCANTARA has sustained a serious injury as defined in Subsection (d) of Section 5102 of the Insurance Law and/or economic loss greater than basic economic loss as defined in Subsection (a) of Section 5102 of the Insurance Law.

38. As a result of his injuries, plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention.

39. As a result of his injuries, plaintiff was, and will continue to be, rendered unable to perform his normal activities and duties.

40. That Plaintiff has been damaged by Defendants in a sum to be proven at trial that exceeds the jurisdictional limit ($75,000.00) of this Court.

**Wherefore**, Plaintiff demands judgment against the Defendants herein in an amount of his damages to be proven at trial, all of which are in excess of the minimum jurisdictional requirements of this Court, such other and further relief as this Court may deem just and proper, together with his attorneys fees, and the costs and disbursements of this action.

Dated: New York, New York
February 8, 2022

Respectfully submitted,

**DePaola Valdes, LLP**

*[signature]*

By: Joseph P. DePaola (JD 0023)
Attorney for Plaintiff(s)
370 Lexington Avenue, Suite 1100
New York, NY 10017
(212) 203-8855
Email: joe@dvlawllp.com

TO:  LIMING FAN
700 Jefferson Blvd.
Warwick, RI 02886

DANIEL GILLES LEBLANC
16 Du Portage Street
Memramcook, NB E1A0G4

DITECH PAINT CO.
16 Du Portage Street
Memramcook, NB E1A0G4